IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

WESTERN HERITAGE INSURANCE COMPANY,

Plaintiff,

v.

TUFFY'S RESTAURANT, INC., d/b/a SOUTHSIDE ROCK, and SARAH WALL,

Defendants.

Case No. CIV-05-1329-L

**ORDER**

This is a declaratory judgment action brought to determine the duties and obligations of plaintiff Western Heritage Insurance Company with respect to a policy of insurance, Policy Number SCP0454167, issued to defendant Tuffy's Restaurant, Inc. d/b/a Southside Rock ("Tuffy's"). The subject of this action involves a Halloween 2003 incident during which defendant Sarah Wall was allegedly injured at the club. Ms. Wall is the plaintiff in a state court action against Tuffy's and others arising from the same incident.[1] Although plaintiff is presently providing a defense to Tuffy's under a strict reservation of rights, plaintiff asserts that the policy of insurance contains an exclusion to coverage for Ms. Wall's claims. Plaintiff seeks a declaration that there is no insurance

[1] The case is identified as Wall v. Tuffy's Restaurant, Inc., an Oklahoma corporation d/b/a Southside Rock Club, *et al.*, Case No. CJ-2004-5493, District Court of Oklahoma County, State of Oklahoma and will be referred to by the court as "the state court action."

coverage for the claims of defendant Sarah Wall and that it has no duty to indemnify or defend its insured in the state court action.

This matter is before the court on the cross-motions for summary judgment filed by the parties. The parties have responded to the respective motions and were also allowed to file reply briefs, all of which the court has carefully considered. The court has also reviewed defendant Sarah Wall's Notice of Correction to Defendant's Motion for Summary Judgment and to Defendant's Response to Plaintiff's Motion for Summary Judgment. Based upon its review of the facts and the arguments of the parties, the court finds that there is no coverage for Ms. Wall's claims and plaintiff has no duty to indemnify its insured or to defend the claims of Ms. Wall in the state court action. Therefore, plaintiff is entitled to judgment as a matter of law.[2]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942

[2] The court has previously noted the default of Tuffy's in this matter, indicating that judgment against this defaulting defendant should await the court's final rulings on the merits in this declaratory judgment action. *See* April 26, 2006 Order, Doc. No. 22.

F.2d 737, 743 (10th Cir. 1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Cross motions for summary judgment give rise to an inference that there is no evidence other than the pleadings and supporting instruments to be considered by the trial court. H.B. Zachary Co. v. O'Brien, 378 F.2d 423, 425 (10th Cir. 1967).

Mindful of these standards, the court determines that the actual underlying facts are either undisputed or are not material to the issues before the court. The court determines that any possible challenge to the respective statements of fact are not actually disputes over the asserted fact but are more in the nature of argument or interpretation of the facts. Where appropriate, the court has separated the facts from the argument and has properly construed the inferences to be drawn from the facts in the light most favorable to the non-moving party.

Ms. Wall's version of the underlying facts reveals that on Halloween, October 31, 2003, Ms. Wall and three friends went to Tuffy's to participate in a

Halloween costume contest. After she arrived, Ms. Wall noticed that another patron, who seemed to be intoxicated, was accosting and attempting to hug some of the female patrons. After the intoxicated person attempted to hug her, Ms. Wall contacted the club's security guards, reported the patron's behavior, and was asked to point out the offending patron. She walked to the back of Tuffy's, pointed out the patron to the security guards, and began walking to the front of the club so that she could leave. As she walked toward the door, someone inappropriately grabbed her rear end. She turned, swatted the person who had inappropriately touched her on his shoulder, and continued toward the door, intending to leave the club. One of the security guards who worked at Tuffy's then grabbed Ms. Wall by the neck and her arm, lifted her up off of the floor, dragged her approximately three hundred feet to the door of the club, walked her out of the building and ejected her.

In her state court action, Ms. Wall seeks damages for her injury, and has brought claims of negligence against Tuffy's, including negligent hiring. Plaintiff asserts that there is a "possibility" that she could also recover in the state court action based on claims of false arrest, detention or imprisonment.

In this action, plaintiff seeks a declaratory judgment that it has no duty to defend or indemnify based on the policy's "Assault or Battery Exclusion," which reads:

> This policy does not apply to "bodily injury", or "property damage" or "personal and advertising injury" arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of such acts, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

Ms. Wall asserts that this exclusion does not exclude coverage for actions based upon negligent hiring or retention and also argues that it does not specifically exclude coverage for false arrest, imprisonment or detention. Ms. Wall cites a policy provision providing coverage for "Personal and Advertising Injury," a term which is defined in the policy as injury, including consequential "bodily injury" arising out of false arrest, detention or imprisonment.

Plaintiff argues that there is no coverage for Ms. Wall's claims because her claims of injury, however denominated, arise from an assault and battery and are thus excluded from coverage under the "Assault or Battery Exclusion." Plaintiff submits that coverage under the "Personal and Advertising Injury" – including any coverage for false imprisonment – is also clearly subject to the "Assault or Battery Exclusion." Plaintiff also argues that Ms. Wall's false imprisonment claim is untimely as it has not been asserted in the state court action and was raised for the first time in her dispositive motion filed in this case.

Under Oklahoma law, "[t]he terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at

the time the contract was negotiated." Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991). "The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." Wiley v. Travelers Ins. Co., 534 P.2d 1293, 1295 (Okla. 1974). The determination of whether an exclusion creates an ambiguity is a question of law, and "neither forced nor strained construction will be indulged, nor will any provision be taken out of context and narrowly focused upon to create and then construe an ambiguity so as to import a [more] favorable consideration to either party than that expressed in the contract." Dodson, 812 P.2d at 376.

Applying these well established principles to the facts in this case, the court determines that the assault or battery exclusion is unambiguous. The court concludes that the actions of the security guard in removing Ms. Wall from the club caused bodily injury and clearly arose from an assault or battery. His conduct comes within the unambiguous assault or battery exclusion. To the extent this assault or battery was the result of negligent hiring or retention, the conduct also falls under the assault or battery exclusion. The policy expressly and unambiguously excludes not only claims arising out of assault or battery but also claims arising out of "any act or omission in connection with the prevention or suppression of such acts, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons

or any other person." Ms. Walls' attempt to recharacterize the assault or battery as false imprisonment is also unavailing because the clear terms of the policy also exclude from coverage any claim based on "personal and advertising injury," which, as stated above, is defined as including "bodily injury" arising out of false arrest, detention or imprisonment. In light of the court's conclusion that the assault or battery exclusion bars Ms. Wall's false imprisonment claim, the court does not address plaintiff's other arguments regarding this claim. However, were the court to consider plaintiff's arguments, the court finds that they would also provide a sufficient basis for the grant of summary judgment in favor of plaintiff on this claim.

As there is no coverage for Ms. Wall's claims under the policy, the court agrees that plaintiff has no duty to defend the underlying state court action. An insurer is not obligated to defend an action against its insured where the insurer would not be liable under its policy for any recovery in such a suit. Leggett v. Home Indem. Co., 461 F.2d 257, 260 (10th Cir. 1972). Therefore, plaintiff is entitled as a matter of law to a declaratory judgment that the claims of the defendant Sarah Wall are not covered under the subject policy of insurance, that plaintiff has no duty to indemnify its insured with respect to the claims of Sarah Wall, and that plaintiff does not have a duty to defend the claims of Sarah Wall.

Accordingly, for the reasons stated above, Plaintiff, Western Heritage Insurance Company's Motion for Summary Judgment **[Doc. No. 30]** is

**GRANTED.** The Motion for Summary Judgment of Defendant Sarah Wall **[Doc. No. 29]** is **DENIED.** Judgment in favor of plaintiff and against defendants will issue on a separate document in accordance with the Federal Rules of Civil Procedure.

It is so ordered this 15th day of November, 2006.

Tim Leonard

TIM LEONARD
United States District Judge